## FORSYTHE *v.* WALKER.

If a forwarding merchant erroneously insert the name of a consignee in the bill of lading which was not marked on the goods, and, in consequence thereof, the goods are seized and sold by the sheriff as the property of the person whose name is thus inserted : the merchant is liable to the real owner.

Where the consignor marks the goods with the initials only of the consignee, he is guilty of no negligence which will protect the carrier from a loss by his entering them on the bill of lading in the name of a stranger, whereby the goods are lost.

IN error from the District Court of Allegheny.

This was an action against forwarding merchants, for the loss of goods. The plaintiffs, merchants in Baltimore, consigned certain goods to Galena, Illinois, marked " J. C. L., St. Louis," and " J. F., Galena." They had a partner, J. C. Louderman, at St. Louis, and an agent, J. Frysinger, at Galena, for whom the goods were intended.

The defendants were forwarding merchants, and received the goods at Pittsburgh, and there entered them on a bill of lading, " J. F., Galena ; J. Flanagan, Galena, Ill." The goods were shipped to a forwarding house at St. Louis, according to the course of trade, and there seized and sold by the sheriff, under an execution against J. Flanagan.

HEPBURN, P. J., told the jury it was a fact for them, whether

the loss of the goods was occasioned by the insertion of the name of J. Flanagan in the bill of lading. If so, the plaintiffs must recover. And though no assertion was made by them which would justify the act of the sheriff, they were still liable, if the loss was occasioned by any act or omission of theirs contrary to their duty. There was also an answer to a point, which is stated in the opinion of this court.

*Staunton* and *Loomis*, for plaintiffs in error, cited 9 Wend. 268; 2 Greenl. Ev. § 220; 6 W. & S. 258; 6 Whart. 321; 6 W. & S. 58; Story's Bailm. § 199.

*H. W. Williams*, for defendant in error, cited Story on Ag. § 217, 219; 6 Ves. 496; 6 Bing. 716; 3 Hill, 545; 19 Eng. C. L. Rep. 214; 7 Cowen, 97; 22 Eng. C. L. Rep. 334; 41 Ib. 422.

*Sept.* 25. ROGERS, J.—Warehousemen and forwarding merchants are responsible only for want of good faith and reasonable and ordinary diligence; but one of the first duties of a consignee for transmission, is to obey the instructions of the consignor, either express or fairly implied. When they undertake to vary from the instructions, proceeding from whatever motive it may, and a loss is occasioned thereby, they are clearly liable to the owner of the goods. In this predicament the defendants have placed themselves; had they attended to this plain rule of common sense and common law, we have no reason to believe that any loss, much less in the manner it has happened here, would have occurred. The consignor and owner, for some reason not disclosed, and which he is not bound to explain, chose to send the goods without particular instructions, directed to " J. F., Galena;" the defendants, instead of forwarding them in the manner directed, without the shadow of authority, inserted the name of J. Flanagan, to whom they did not belong, and who had no pretence of right to them. On their arrival at St. Louis, to which place they were directed by the defendants, they were seized and sold by the sheriff as the property of Flanagan, and the proceeds applied to the payment of his debts. The insertion of the name of Flanagan, was, as must be conceded, a wholly unnecessary and unauthorized act, and, as the jury were warranted in believing, led to the seizure and sale of the goods as his property. The seizure and sale was the immediate cause of the loss, and necessarily connected with the assertion on the part of Forsythe & Co., that they belonged to Flanagan. There is,

N 2

it is true, no direct proof of the manner in which the sheriff became acquainted with the apparent ownership of Flanagan; but the most natural supposition is, that he was led to this belief because they appeared to be his property on the face of the consignment by Forsythe & Co. to Agnew & Buchanan, to whom they were forwarded on their transit to the owner at Galena. It would be a matter of course for the latter to inform Flanagan, who it is probable was then at St. Louis, of the arrival of goods of which he appeared to be the owner. The inference is a legitimate one that the act of Forsythe & Co. was the immediate cause of the seizure, and that the property would not have been in a situation to sustain the loss, had it not been for the insertion of Flanagan's name by the defendants, an assertion of ownership in him of which it appears he was so unprincipled as to avail himself. Had the goods been delivered to Flanagan for the reason they were marked in his name, it cannot be doubted the defendants would have been liable, nor can I perceive any difference that the loss arose immediately from the seizure and sale of the sheriff; for although the sheriff would be answerable to the owner, yet the latter has also a remedy against the defendants. We see, therefore, nothing in the exception, that there was no evidence that the loss of the goods was caused by the unwarrantable and unauthorized act of the defendants. There was evidence more than enough to justify the jury in coming to that conclusion. Indeed, it would be difficult to understand how they could have drawn any other inference from the facts.

The defendants requested the court to instruct the jury, that if the loss was occasioned partly by the negligence of the plaintiff, and partly by that of the defendants, the plaintiffs cannot maintain this action. To this the court reply, " that the plaintiffs must have a good and entire cause of action against the defendants, or they cannot recover, and if the loss is attributed to their own neglect, they cannot recover. This point affirmed." It is strenuously contended, that although there is an affirmative answer to the proposition, yet it is not sufficiently precise and distinct—that they are entitled to such an answer as could not be misapprehended or misunderstood by the jury. Were this a case for the application of the rule laid down in Noble v. McClintock, 6 W. & S. 62, I should be inclined to favour the exception. But here the inquiry is material, Have the defendants been injured by the charge? The point is predicated on the supposition that the injury of which the plaintiffs complain, was caused, at least in part, by themselves.

But of this what evidence was there which would warrant the jury in believing that the sheriff was induced to seize the goods because the consignor marked them with the initials of the name of J. Flanagan to whom they were consigned? Certainly there was none; no person can doubt the right of the consignor to mark the goods with the initials of the name of the owner, if he chooses to run the risk. That is a matter between the consignor and the owner, with which the consignee for transmission has nothing whatever to do. The parties may have very good reasons for adopting this mode, and I am yet to learn what right others who are employed for a special purpose, have to interfere with their arrangements. Goods similarly marked had gone safely before, and in all probability would have gone safely again; but whether they would or not, was not of the slightest consequence to the defendants. The duty of Forsythe & Co. was to obey their instructions to forward the goods as directed. Although the alteration was doubtless intended as a favour to the owners, yet that is no excuse, as a little reflection ought to have taught them, either to forward the goods as directed, or to have called for and awaited further instructions. It seems to me the defendants have no reason to complain, for the charge is as favourable as they had any right to expect. In the general charge, the court left it to the jury to decide whether the loss of the goods was occasioned by the defective marking of the boxes and the absence of the usual instructions from the plaintiff, and not from the neglect or misunderstanding of the defendants.

Judgment affirmed.